CITY BANK FARMERS TRUST COMPANY, formerly the Farmers Loan and Trust Company, a corporation, as trustees under the last will and testament of Peter Cooper Hewitt, deceased, complainant-respondent,

*v.*

MARYON MCCARTER, PEDER S. BRUGUIERE, JR., and ANN COOPER HEWITT, by Ralph E. Lum, her guardian *ad litem,* defendants-appellants and defendants-respondents, and COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART, a corporation, defendant-appellant.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Messrs. Lindabury, Depue & Faulks (Mr. Josiah Stryker,* of counsel), for the complainant-respondent.

*Messrs. Lum, Tamblyn & Colyer, Mr. George W. Grimm, Jr.,* and *Mr. Ralph E. Lum,* for the guardian *ad litem* for Ann Cooper Hewitt, Maryon McCarter and Peder S. Bruguiere, Jr.

*Messrs. Whiting & Moore (Mr. Ira C. Moore, Jr.,* of counsel), for Cooper Union for the Advancement of Science and Art.

PER CURIAM.

There are two appeals. The appeal of Cooper Union for the Advancement of Science and Art is from so much of the decree as determines that the complainant, in ascertaining what part of the dividends received from Union Sulphur Company during the years 1931 and 1932 are apportionable to income, should not deduct from the annual profits of such company for such years any amounts charged off during said period for oil depletion by said company, and also from so much of the decree as declares that of the sum of $22,000 representing the distributions made to the complainant during the years 1930 and 1931 on the stock of Union Sulphur Company held by it, $10,014 be apportioned to income. The appeal of Maryon McCarter, Peder S. Brugiere, Jr., and Ann Cooper Hewitt is from that portion of the decree that orders taxed costs and counsel fees be paid in part from income and in part from *corpus* rather than exclusively from *corpus*.

The decree below was advised by Vice-Chancellor Bigelow who filed an opinion that is reported in *111 N. J. Eq. 315.* For the reasons there given (except those bearing on the effect of decrees in the orphans court on intermediate accountings, a subject not now before us) we affirm on the main appeal. Upon this disposition of the merits we think that the apportionment of the taxed costs and counsel fees was equitable.

The decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None..